

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MELVIN CADE, #1575347 | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv380 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

Petitioner is challenging his Denton County conviction for indecency with a child, Cause No.F2007-0395E. He states that on March 26, 2009, he pleaded guilty, and the court sentenced him to twenty years' confinement. He states that he did not file a direct appeal. On April 14, 2010, he filed an 11.07 application for a writ of habeas corpus in state court, which the Court of Criminal Appeals denied without written order on June 23, 2010. He then filed a motion for reconsideration on July 6, 2010.

The present petition for a writ of habeas corpus was filed on July 30, 2010. Petitioner specified that he placed the petition in the prison mailing system on July 23, 2010; thus, it is deemed

filed on July 23, 2010, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner claims he is entitled to relief based on an invalid indictment, an involuntary plea of guilty, ineffective assistance of counsel at trial, and because he is actually innocent. The Director was not ordered to file a Response.

<u>Antiterrorism and Effective Death Penalty Act of 1996</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, Petitioner is challenging his conviction of March 26, 2009. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

started running when the conviction became final. He did not file a notice of appeal, thus the conviction became final thirty days later, on April 25, 2009. Tex. R. App. P. 26.2 (Vernon 2000). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. – San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Accordingly, the one year limitations period started running at that time and the present petition was due no later than April 25, 2010, in the absence of tolling provisions. It was not filed until July 23, 2010.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed a post-conviction application for a writ of habeas corpus on April 14, 2010, which was denied on June 23, 2010. His state writ was pending for seventy (70) days; thus, the statue of limitations was tolled for seventy days, extending the deadline for filing the present federal petition to July 4, 2010. It was filed on July 23, 2010, nineteen days beyond the deadline. The petition is thus time-barred in the absence of any other tolling provisions.

The Court notes that Petitioner filed a motion for reconsideration concerning the denial of his state writ. However, Texas law bars a motion for rehearing or reconsideration. Texas inmates file motions for rehearing and reconsideration despite Texas law. The Fifth Circuit held in *Lookingbill* that the amount of time a motion for rehearing/reconsideration was pending should toll the deadline only if the Texas Court of Criminal Appeals had, in fact, considered the motion. *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003). Petitioner responded to this Court's order to reply to the fact that the petition was not timely filed. He is under the erroneous belief that his motion for reconsideration served to toll the limitations period. However, the Court of Criminal Appeals did not consider the Petitioner's motion for

rehearing/reconsideration. The pendency of the motion thus did not toll the deadline. Petitioner has not shown that any other statutory tolling provision or principles of equitable tolling apply, thus the petition was filed too late and is time-barred.

The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 20902). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the

statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the Court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed.2d 440 (1996). Petitioner presents no evidence that he did anything concerning his conviction for more than eleven months. He has not shown that he exercised reasonable diligence nor has he shown rare and extraordinary circumstances that prevented him from timely filing. Consequently, the petition should be dismissed as time-barred.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that Petitioner's motion for relief under 28 U.S.C. § 2254 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 30th day of November, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE